

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **VS.** § | **CASE NO. 9:07-CR-53** |
| § | |
| **JOHN CALVIN WHITMORE** § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, John Calvin Whitmore, violated conditions of supervised release imposed by United States District Judge Ron Clark. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #42) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on February 13, 2018, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that her plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On July 30, 2008, The Honorable Ron Clark of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of Felon in Possession of a Firearm, Count 1, a Class C felony; and Possessing a Firearm in Furtherance of a Drug Trafficking Crime, Count 2, a Class A felony.  Judge Clark sentenced Mr. Whitmore to 37 months imprisonment as to Count 1, and 60 months as to Count 2, to be served consecutively, subject to the standard conditions of release, plus special conditions to include financial disclosure; drug testing and treatment; and $200 special assessment.  On July 31, 2015, John Calvin Whitmore completed his period of imprisonment and began service of the supervision term.

On July 26, 2016, the Court modified Mr. Whitmore's conditions of supervised release as follows:

*Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health services and shall comply with any medication requirements as prescribed by the treatment provider.*

On June 15, 2017, the Court again modified Mr. Whitmore's conditions of supervised release to include the following:

*Beginning at a time to be arranged by the probation office, John Calvin Whitmore shall reside in the residential reentry center for a period of 180 days. In lieu of paying subsistence to the residential reentry center, Mr. Whitmore shall deposit his earnings into a savings account which should only be used to secure a suitable residence. Mr. Whitmore may be released from the residential reentry center before service of 180 days provided that the U.S. Probation Office approves the release plan. During this term, Mr. Whitmore shall observe all rules and regulations of the facility.*

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following standard condition of release:

*The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.*

Specifically, on January 19, 2018, Mr. Whitmore provided a urine specimen which tested positive for marijuana (THC) and cocaine.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the

petition to revoke. Specifically, the Government would submit documentation establishing that Mr. Whitmore submitted a urine specimen which yielded a positive result for marijuana (THC).

Defendant, John Calvin Whitmore, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he used marijuana in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by using a controlled substance. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of V and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 7 to 13 months. *See* U.S.S.G. § 7B1.4(a). Because the original offenses of conviction were a Class A and a Class C felony, and may be served consecutively, the statutory maximum imprisonment term upon revocation is seven (7) years total. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant committed a Grade C violation of his supervision conditions. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, John Calvin Whitmore, to serve a term of **ten (10) months** imprisonment, with no further term of supervision to follow.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

*v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 15th day of February, 2018.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE